IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JESUS ALONZO-VILLARREAL,**

                **Plaintiff,**

       **v.**                          CASE NO. 13-3032-SAC

**CLAUDE MAYE, et al.,**

                **Defendants.**

### MEMORANDUM AND ORDER

On May 8, 2013, the court entered an order in which it screened this pro se complaint, which was filed by a federal inmate seeking damages under the Federal Tort Claims Act (FTCA). Plaintiff was ordered to pay an initial partial filing fee as well as to cure deficiencies found in his original complaint. He has since paid the filing fee in full. Plaintiff has also submitted an Amended Complaint in response to the court's screening order. Having screened the Amended Complaint[1] and reviewed all relevant materials in the file, the court finds that plaintiff has failed to cure significant deficiencies of which he was notified. The court concludes that this action must be dismissed for reasons that follow including that plaintiff's claim for damages is barred by *Heck v.*

---

1    Because plaintiff is a prisoner, the court is required by statute to screen his Amended Complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).
    An Amended Complaint completely supersedes the original complaint, and the original complaint is no longer before the court.

*Humphrey*.

In its screening order, the court found that plaintiff had named improper defendants because the sole proper defendant in an FTCA complaint is the United States. In his Amended Complaint, plaintiff has added the United States as a defendant, but again improperly names Warden Maye and Disciplinary Hearing Officer Potts as defendants.

More importantly, plaintiff has made no attempt to show that his damages claim should not be dismissed under the rule announced in *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994). Under the *Heck* rule, an inmate may not pursue a damages claim alleging that due process violations occurred during a prison disciplinary proceeding in which good time credit was forfeited if granting relief would imply the invalidity of the resulting disciplinary conviction, unless he shows that the conviction in question has already been invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 643, 646-48 (1997)(applying *Heck* to judgments in prison disciplinary proceedings); *cf. Muhammad v. Close*, 540 U.S. 749 (2004). Plaintiff has made no such showing. As the court found in its screening order, plaintiff's allegations "necessarily implicate" the invalidity of the prison disciplinary action under challenge. Plaintiff has not shown that the challenged disciplinary action has been overturned. The court concludes that his damages claim is barred by *Heck* and *Edwards*. *See Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995)(applying *Heck to tort claims brought pursuant to FTCA).*

Ordinarily, a federal inmate seeking to challenge a prison disciplinary proceeding in which he was sanctioned with a loss of good time must proceed by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, from the outset plaintiff has expressly pursued a money damages claim rather than expungement of his disciplinary record or restoration of his good time.[2] Plaintiff's exhibits indicate that the only relief he sought in his administrative grievances was damages as well. He even argued that expunging his record would not provide satisfactory relief.[3] He continued to pursue damages only when he filed an administrative tort claim for in excess of $50,000 with the Bureau of Prisons. He then intentionally brought his original complaint under the FTCA and sought no relief other than money damages. The request for relief in his Amended FTCA Complaint likewise seeks nothing other than money damages. Thus, even if the complaint could somehow be construed as a habeas corpus challenge to his disciplinary conviction, it would likely be dismissed for failure to exhaust administrative remedies.

---

2   Plaintiff's own exhibits indicate the following factual background for his complaint. In December 2011, a cellphone was found during a routine pat-down search of an inmate other than plaintiff. An investigation of the telephone numbers on that cellphone connected plaintiff to one of the numbers, and he was charged as well as the inmate upon whom the phone had been found. Plaintiff was provided a hearing at which he declined to present witnesses or documentary evidence. He was found guilty of using or aiding in the use of a "hazardous tool," namely the cellphone. Sanctions were imposed that included loss of 41 days good time. Plaintiff alleges that he is innocent and that no evidence of his guilt was presented. He also complains that his UDC hearing was conducted by one rather than two unit team staff members, which he claims was contrary to prison administrative regulations.

3   Plaintiff did not request either the overturning of his disciplinary conviction or restoration of his good time in his exhibited administrative grievances.

3

Finally, the court notes that plaintiff has not alleged facts suggesting that he suffered any physical injury as a result of the disciplinary action he challenges. 42 U.S.C. § 1997e(e) provides, in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . .

42 U.S.C. § 1997e(e). It follows that plaintiff's claim for compensatory damages based on alleged injury to his liberty interest and defamation is barred by § 1997e(e).

For the foregoing reasons, the court dismisses this action without prejudice for failure to state a claim. This dismissal counts as a strike against Mr. Alonzo-Villareal for purposes of 28 U.S.C. § 1915(g).[4]

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed without Prepayment of Fees (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice, as premature and barred under *Heck* and for failure to satisfy 42 U.S.C. § 1997e(e).

---

4   Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**IT IS SO ORDERED.**

Dated this 22nd day of January, 2014, at Topeka, Kansas.

                                            **s/Sam A. Crow**
                                            **U. S. Senior District Judge**